*618 OPINION of the Court, by
Judge BoYle.
Stan-deford, who was plaintiff in the action below, declared against Metcalf, in debt, upon a single bill, signed and sealed by Metcalf, and payable within twelve months from the date ; but omitted to state the day of the date or 0f the delivery of said bill, and failed to make pro-Art thereof to the court, alleging that by accident he had lost it out of his hands and possession,
An judgment, taken at the rules, was set 'n c°tirt, on the motion of Metcalf, who prayed oyer of the writing declared on ; which not being given to him, *619 he thereupon demurred to the declaration, assigning for causes of demurrer : 1st, that the writing declared on is not sufficiently set out and described ; 2d, that the date of said writing and the time of executing the same are omitted. The plaintiff joined in the demurrer, which was overruled by the court and judgment ren-deréd for him 5 to which Metcalf prosecutes this writ r ' 4
if deed lt*n n° da'f; or an mpotnble dare, the day of de~ livery muí br pleaded.
... . The errors assigned, which we deem material to be noticed, embrace the following propositions :
1st. That the declaration is insufficient, because there, is no profert made of the writing obligatory therein mentioned, which, by the principles of the common law, as adopted by Virginia and this state, is matter of substance, and indispensable.
2d. That by the common law no action can be maintained on a lost bond.
3d. That the declaration is defective in not setting cut the day of the date or of the delivery of the writing declared on.
As to the first proposition, it seems to be the ancient and well established rule of the common law, that a person claiming benefit under a deed, must in pleading make profert of it in court: and the reasons of the rule are, that the court may see that the wordsare sufficient in law; that the deed be not varied or interlined in material parts, and whether it be absolute, conditional, or ¡¡revocable.
We do not feel disposed to incur the censure of a Siam ostentation of learning in citing the numerous authorities which recognize this rule. It is coeval with tíie science of written pleadings, and its recognition is to be found in every book which treats of the subject of pleas and pleading. To the general rule there are, indeed, some exceptions. Such is the case when the deed has.been pleaded in another court, where it remains, and may be resorted to, or where it is in the possession of the adverse partv. So where it is but collateral and necessary ex provisione hominis, and not ex institutione iegis ; or where the thing lies in livery, and notin grant. But it is confidently believed that there is no elementary treaciae or adjudged case in England prior to 1776; in which the loss of the deed has been held to be an exr section to the general rule. English adjudications made.; *620 since that period are prohibited by statute from being; used as authority in the courts of this country. But' although, independent of such statutory proscription, cases adjudged in England subsequent to 1776 might have been received as evidence of the common law, yet they could not have possessed any direct binding authority, and every innovation upon its rules by those' adjudications ought, and would have been utterly disregarded by this court. It was the common law as it. existed at the time of its adoption by the state of Virginia, not what it may have become by subsequent modifications, that has the force of law in this country.
On no principle, therefore, can the decisions of the courts of England, made subsequent to the adoption of-the common law in 1776, have any effect upon the question now before the court.
No authority, then, existing in support of the position that the loss or destruction of the deed dispenses, with the necessity of a profert, the argument would thence be strong against the admission of its correctness, if even no direct and positive authority could be. found to shew that it was incorrect. But Leyfield’s case, 10 Co. 92, furnishes an authority in point. It is there held, that though where in great and notorious extremities, as by casualty of fire, a man’s evidences are all burnt, he may be permitted, on the '•'•general issue> to prove the deed to the jury by witnesses, although he shall not produce the deed itself; yet even in such case, he, in pleading, ought to shew forth the deed to the court, otherwise his plea will be insufficient, and judgment shall be given against him: for, adds the book, the law will rather suffer a mischief in a private case, than an inconvenience which, by the breaking of the rule of law, would be brought upon the public.”
The necessity of a profert in an action at law, is also strongly evinced by the constant and invariable practice, which,, until very modern time, prevailed in England, of resorting to a court of chancery for relief when the deed, under which the party claimed, was lost or destroyed.
We will not dilate upon the pernicious tendency of a contrary doctrine. It is obvious, that if it should once be established that an allegation that thfe party had lost the deed out of his possession would dispense with ⅛« *621 necessity of a profert, a conditional or revocable deed wtuld never be produced by a party who was base enough to wish to convert it into an absolute or irrevocable one.
Kote. — Bi^s, Ch. J* refigned at the end of this term.
That a want of profert is a substantial defect, and may be taken advantage of upon a general demurrer, appears from Ley field’s case, before cited, 10 Co. 94.-5.
As to the second proposition, it is evident, from vvhat has already been said, that where the deed has been lost and cannot be profered in pleading, unless the defendant fails to demur, the plaintiff cannot have his remedy at law. But whether, where there is no demurrer for want of profert, and there is judgment for the plaintiff in an action upon a lost deed, that judgment would be erroneous, is a question which is not material to be decided in this case ; andas it will probably occur in a cause ¡now depending in this court, in which it may be more important, we are not disposed to prejudge it.
The third and last proposition is, that the declaration is defective in not setting out the day of the date or of the delivery of the writing declared on.
That the day of the date or of the delivery of the writing declared on, is material, appears from 2 Saund. p. 5, b. Williatn’f note 3, and the cases there cited (a). Jf the deed bears no date, or an impossible cíate, then the party who pleads it must shew the day of its delivery — Shepherd’s Touchstone 55. The declaration is therefore clearly defective, and the judgment for the plaintiff in thé court below erroneous.
Judgment reversed*

 1 Sal. 222. Webley vs. Palmer—ib, 223, Howard vs. Jenkinson—1 Ld. Raym. 121, Serle vs. Darford—2 Lord Raym, 1015— I Str. 21, Cole vs. Hawkins—2 Stran. 806, Matthews vs. Spicer,