OPINION of the Court, by
Ch. T. Boyle.
This • ■ 1 r , . . r ÍS an appeal ¡rom a judgment in an action or covenant brought bv the appellees against t.hé appellants, as ad-ñrinistrators of James Barbour deceased.
Th¡e points relied on for the reversal of the judgment are — 1st, That there is no profert made in the declara-tjon 0f (⅛ covenant declared on ; 2d, that the court , . ... erred m refusing to grant a new trial on tne application of the appellants for that purpose.
¶’0 UDdetstand the state of the record, so far as it , , „ relates to the hrst point, it seems necessary to observe that upon the suggestion of the appellees that,, the ori-„¡n.,¡ covenant declared on was in the possession of the ° r , appellants, repeated rules were made upon them to produce it. Subsequent to which, in a plea offered by the appellants and rejected by the court, but spread upon the record by a bill of exceptions taken by the appellants, they made a profert of the covenant declared on.
It is a general rule, that where a party pleads a deed he must make profert of it in court. To this general rule, however, there are some exceptions ; of which the case where it appears that the deed is in the possession of the adverse party, is one. Such a case, not coming within the reason of the rule, is excepted from its operation. As therefore it appears from the record in this case that the covenant declared on was in possession of the appellants, and in fact produced in court by them, it is a sufficient reason to excuse the want of a profert on the part of tiie appellees.
The second point is one which admits of more doubt, but after the most attentive consideration which we have been able to give to the subject, we are of opinion that the judgment ought not on that ground to be reversed. The ground of the application for a new trial is, that after the jury had retired to consider of their verdict, several persons, in the absence of the court, intruded themselves into the jury room, some of whom conversed with the jurors upon the subject of the suit. Right of the jurors had, it seems, at that time made up their opinion agreeably to the verdict which was given ; but one of the jurors afterwards changed his opinion from a much lower sum to that which was found hv the *9 verdict. The court below refused the new trial, certifying at the same time that from the evidence in the cause they were of opinion justice was done to the parties by the verdict.
The persons who intruded themselves into the jury room do not appear to have been witnesses in the cause, nor does it appear that what they said when there was listened to by the jurors as matter of evidence. If such had been the case, there are not wanting authorities to shew that the application for a new trial ought to have been sustained ; but we are not aware of any instance in which the idle and impertinent observations of persons not witnesses in the cause, and wholly unconnected with the parties, and who have had access to the jurors without any fault in them, were held to vitiate the verdict. Were such a circumstance admitted to be in itself a sufficient ground for setting aside a verdict which Was liable to no other objection, it would, in this country, where from the state of the improvements in many counties the means of secluding the jury do not exist, render it almost impracticable to obtain a verdict whkh might not be impeached.
The subsequent change of opinion by one of the jurors in this case does not seem to affect the question. The change is not stated to be the effect of the observations made by the persons who came into the jury room, and it is certainly much more rational to ascribe the change to the influence of the opinion of the other jurors, or to its intrinsic justice.
Judgment affirmed.