OPINION of the Court, by
Ch. J. Boyle.
This was an action of assumpsit, in which the plaintiff alleges a promise by the defendant to pay fifty dollars in trade, without anj' time or place being specified for the payment, and avers that on the —?- day of --■ he demanded payment of the defendant at his usual place of residence, and that the defendant refused to pay. Issue was joined on the plea of non assumpsit. On the trial the plaintiff having proved the promise substantially as laid, he introduced a witness who swore that he went with the plaintiff to the defendant’s still-house, af* ter dark in the evening, and stood there till some time in the night, and whilst there the plaintiff told the defendant he wanted the fifty dollars in trade which he owed him ; that the parties talked something about an arbitration which had been between them, and the defendant said they had not fixed it right, that it was too much, and signified he would not pay what the plaintiff required unless forced. On this evidence the defendant moved the court to instruct the jury that the demand was not sufficient to enable the plaintiff to recover, but the court refused to instruct the jury as the defendant had asked, and o» the application of the plaintiff in-structfcd them that no further demand was necessary, on account of the defendant’s refusal to pay. A verdict and judgment having been given for the plaintiff, the defendant has brought the case to this court by writ of frror.
*268 By a current of decisions it has been settled by thi§¡ court that where a contract for the payment of property specifies no time or place for the payment, it is payable on demand at the usual place of the debtor’s residence, and that in such case a demand must be precisely and specially alleged and proven. In this case the demand is sufficiently alleged ; hut the demand which was pro. ven is not legal either in respect to time or place, Whether the intimation by the defendant that he would pot pay, is a sufficient excuse for not making a demand át the proper titne and place, does not seem material to be determined : for it is clear that an averment of the performance of an act necessary to be performed cannot be supported by proof of matter of excuse for the nonperformance. So essential is the variance deemed between a performance and matter of excuse for nonperformance, that where a party in pleading has alleged the former, as the ground of his claim or defence, he cannot áfterv/ards in support of such allegation allege the latter,(a) and if he does so it will be a departure which is held bad upon demurrer. Upon the same principle the variance between the allegation of the one and the pro°f of the other must be held to be fatai.
We are therefore of opinion that the court below erred in instructing the jury that no further proof ot a demand was necessary to ePable the plaintiff in that court to recover in this case.
The judgment must be reversed and the cause remanded for new proceedings to be had not inconsistent witH the foregoing opinion.

 Pollard vs. Taylor, vol. 2, 234—Watson vs. Penebaker, ante 99.