*289 OPINION of the Court, by
Ch. j. Boyle.
This was an action of covenant, in which the plaintiff declared upon an agreement bearing date the 28th of June 1,811, whereby the plaintiff covenanted to build for the defendant a saw-mill, and do certain repairs to a gristmill; the work to be completed by the 15th of November next ensuing the date of the agreement; and the defendant on his part covenanted that he would board the plaintiff and his workmen while doing the said millwright work, and pay therefor the sum of eighty dollars in the month of March next after the date of the agreement, and forty dollars in the June following.
. The plaintiff avers that he did, within the time stipulated, perform all things which by the tenor and effect of the covenant he was bound to perform ; and assigns 8S breaches of the covenant by the defendant — 1st, that fie failed and refused to board the plaintiff and his workmen while doing the said millwright work, whereby the said plaintiff was greatly obstructed and hindered in doing the same ; and 2d, that he did not pay to the plaintiff the said sum of eighty dollars.
. The defendant pleaded covenants performed, upon which issue was joined, and offered at the same time, as an answer to the second breach, a plea denying that the plaintiff had kept and performed the covenants on his part stipulated to ,be performed. But the plaintiff objected to filing the plea, and the court sustained the objection, to which the defendant excepted.
flea to deny the per-formanceonthe Kadníiffikle1^
A verdict was given for the plaintiff on the issue joiii-ed, and a judgment rendered thereon ; to reverse which the defendant prosecutes this writ of error,
Several objections are taken to the sufficiency of the ¿ec]arati0n, but as some of them are manifestly such as would not prevail at any stage oí thp cause, and the others of a natiffe to be cured by the verdict, we shall Pass them over without farther notice, and proceed to inquire whether the plea offered by the defendant and rejected by the court Was a good one or not ?
^ not a s°hd or legal objection to the plea, that it does not answer the whole declaration. If indeed a plea professes in its commencement to answer more than it afterwards answers, the whole plea will be bad, and the plaintiff may demur ; but if in its introductory part it assumes to answer a part only, and is in law a sufficient answer to that part or the whole, the plea will be good and the plaintiff cannot demur, but should, if there be no answer to the residue of the count or declaration,’ take jud’gment therefor as by nil dicit, and join issue upon the plea — 1 Saund. 28, note 3 — Chitty on Pleading 509-10, and the authorities there cited.
Whether the plea in question in this case is in law a sufficient answer to so much off the declaration as it professes to answer, depends upon the point whether the averment in the declaration of a performance of the covenants on the part of the plaintiff is material and tra-versable or not: for if it be material and traversable, then the plea which traverses it must be good. Where there are reciprocal covenants, they are either depen-dant or independent. If of the latter character, it is not necessary for the plaintiff to aver performance on his part; but if they be of the former kind, such an averment is indispensable.
Covenants or agreements should be construed to be either dependant or independent, according to the intention of the parties and the good sense of the case. In order to discover that intention, and thereby to learn when performance is necessary to be averred on the part of the plaintiff, and when not, some general rules nave been laid down by the writers upon this subject.(a) These rules, if applied to the present case, will lead to concluslon that the covenants are dependant, and of course that an averment of performance on the part of *291 the plaintiff was necessary. The covenants on the part of the defendant were to he performed either concurrently with or subsequently to the performance of the covenants on the part of the plaintiff; and in either case it is an established rule that the covenants are so far dependant, that the plaintiff cannot maintain his action without shewing a performance on his part, or a readiness to perform — -See 1 Saund. 320, note 4 — Chitty ovf Pleading 3Í3-14.
We are therefore of opinion that the plea was good, and that the court below erred in rejecting it.
Judgment reversed, &c.

 Vide vol. 2, Craddock vs. Aldridge, 15——Horine vs. Best, 547-Kendal vs. Talbot 614.