Judge Trimble
delivered the opinion of the Court.*
IT is assigned for error in this case, that the declar-alion is insufficient — 1st, Because it does not allege a special demand of the property at the defendant’s usual place of'residence; and 2d)y, because there is no pro-fert made of the writing declared on.
It is well settled, that in declaring upon a contract for the delivery of property, where no time or place is Specified for the delivery, a special demand at the usual place of residence of the defendant, must be averred, Miller vs. Alcorn, 3 Bibb 267.
Id declaring upon a deed, a profert of the writing declared on, or a'sufficient excuse for the omission, is also necessary. 1 Chitty 348; Metcalf vs. Standiford, 1 Bibb 621; Marshall vs. Red, Ibid 327; Barbour's adm'rs vs. Archer, 3 Bibb 8; Brents vs Sthal, Ibid 482.
The declaration is not, however, considered fatally defective on this ground. The plaintiff alleges the writing declared on is filed with the declaration, and although this mode of making profert is somewhat *82 informal, it is, for every substantial purpose, deemed sufficient.
Mandate.
Bibb, for plaintiff; Crittenden, for defendant.
But because there is no averment in the declaration, of a special demand at the defendant’s usual place of residence, the judgment is erroneous and must be reversed.
The judgment is reversed, and the cause remanded to the court below, with directions to permit the plaintiff to amend his declaration, if he applies for leave to do so, and if he fails to make such application, judgment is to be rendered on the demurrer for the defendant. The plaintiff in eri*or must recover his costs in this court.

 Absent, Ch. J. Barry.