May Term,
1832.

SMITH
v.
BROWN.

---

### SMITH v. BROWN.

In an action at law on an obligation alleged to be lost, the declaration must describe the obligation correctly.

A declaration in covenant, on an obligation averred to be lost, described the obligation as being dated on the *first of November*, 1826. *Held*, that the action was not sustained by proof that an obligation like that described in the declaration except as to the date, was executed by the defendant on the *sixteenth of April*, 1827.

If the performance of a condition precedent be averred in the declaration, and put in issue by the plea, the averment must be proved as laid.

Tuesday,
*May* 29.

APPEAL from the *Rush* Circuit Court. In this case, *Brown* was the plaintiff below and *Smith* the defendant.

M'KINNEY, J.—This action is covenant on an article of agreement averred to be lost or mislaid. The plaintiff avers that the defendant by an article or memorandum of agreement, dated the 1st of *November*, 1826, covenanted to teach and instruct him in the art and science of physic and surgery for the term of three years, and to give him the necessary instructions and furnish proper books, for and in consideration of the

sum of 50 dollars *per annum*, to be paid by the plaintiff; that he paid to the defendant 50 dollars *per annum;* that on the day of the date of the covenant, and after the payment of the 50 dollars *per annum*, he applied to the defendant to be taught and instructed in the art and science of physic and surgery, and to be furnished with proper books, &c.; and he alleges, as a breach, the defendant's refusal to teach and instruct him, and to furnish the proper books.

To the declaration, the defendant filed four several pleas: 1st, he denies that such an instrument in writing under seal, as is described and specified in the plaintiff's declaration, is lost and mislaid; 2d, he denies that the plaintiff paid to him the sum of 50 dollars *per annum* for the term of three years; 3d plea, covenants performed; conclusion in each of the above pleas to the country and issue; 4th plea, that after the plaintiff had remained with him 18 months, he voluntarily left him and withdrew from his instructions, and put it out of his power to instruct him; that during the time plaintiff remained with him, he instructed him, &c.; and that the plaintiff did not pay him as he specifies, or other than a *pro rata* sum for the time he was with him: to this plea concluding with a verification, there is a general replication, and issue to the country.

Verdict and judgment for the plaintiff.

A bill of exceptions shows, that the defendant called upon the Court to instruct the jury as follows:—1st, that if it has not been proved to their satisfaction that the plaintiff had, previously to the commencement of this suit, paid to the defendant the sum of 150 dollars, being 50 dollars *per annum* for 3 years, they must find for the defendant; 2d, that if they are satisfied from the evidence, that the only article of agreement, entered into between the defendant and the plaintiff, was dated on the 16th of *April*, 1827, and not on the 1st of *November*, 1826, as is stated in the declaration, they must find for the defendant; 3d, that if they believe from the evidence that the paper read to them in these words, to wit, "Memorandum of an agreement made and concluded by and between *Matthew Smith*, of the county of *Rush* and state of *Indiana*, of the one part, and *Ryland T. Brown*, of the same place, of the other part, witnesseth, that whereas the said *Ryland* did, on the 1st of *November* last, commence the study of medicine. with him the said *Matthew*, and does now. bind himself to continue the study with him for the term

of 3 years from this commencement with unremitting attention, and does further bind himself to pay the said *Matthew* the sum of 50 dollars *per annum* on his part, for his instructions and the use of his books; and the said *Matthew* on his part does bind himself to furnish the said *Ryland* with all the necessary books and instructions. In testimony whereof, we have hereunto set our hands and seals this 16th day of *April*, 1827,"— is a true copy of the original and only article of agreement between the parties, except as to the signing and sealing, they must find for the defendant. Which instructions the Court refused to give.

When an action is brought upon an instrument alleged to be lost, the plaintiff is not exempted from the necessity of description and averment, which exists when profert is made. The instrument is the foundation of the action, and that form of action appropriate to the instrument must be adopted. If this exemption obtained, much weight would be due to the objections of enlightened Courts to the exercise of jurisdiction, by Courts of law, in the case of lost bonds. The exercise of this jurisdiction was not an usurpation by Courts of law, but in entire conformity to their course in analogous cases. In the case of *Read* v. *Brookman*, 3 T. R. 151, *Grose*, justice, though dissenting from the opinion of the Court, expressed his satisfaction at the decision, which would not have been avowed, if the decision was to be attended by a relaxation of those rules of pleading, so essential to the attainment of justice. The jurisdiction of a Court of law is not exclusive: it is concurrent with that of equity. If a party, therefore, be unable to give such a specific description of an instrument as will sustain an action at law,—in equity, in which a more general description is permitted, and in which he may have the benefit of the defendant's admission, he can obtain the most ample relief.

Assuming, however, in an action at law to give a specific description, the whole current of authorities, and the principles which pervade the system of pleading, require the party to sustain such description by proof. Not only the existence of the instrument alleged to be lost, but its covenants, at least in substance, should be proved. The plaintiff has averred the instrument lost to have been dated on the 1st of *November*, 1826. His action is founded upon an instrument of that date. If the instrument in evidence was of a different date, the

May Term,
1832.

SMITH
v.
BROWN.

*allegata* and *probata* do not correspond. In a declaration on a bill of exchange, there was a variance between the date alleged and the real date of the bill; and the variance was regarded as fatal, and the plaintiff non-suited. 2 Camp. Rep. 308, n. In *Metcalf* v. *Standeford*, 1 Bibb, 618, it is laid down that the day ·of the date of an instrument is material. It is also settled, that if profert had been made, a variance in the date between the instrument declared on and that produced on *oyer*, would have been fatal on demurrer. *Cooke* v. *Graham's Admr.* 3 Cranch, 229. The defendant deprived, by the averment of loss, of *oyer*, denies by pleas the·loss of such an instrument as is described in the declaration. The plaintiff submits the question, with others presented in the several pleas, to the jury. We think the plaintiff is thus concluded.

The classification of covenants, their distinctive character, and the rules for their construction, are so well settled, that it is not thought necessary particularly to advert to them in this case. One of the fixed rules, however, requires the construction to be in accordance with the intention of the parties; and this intention is deducible from their acts. 1 Saund. 320, n. 4.—*Worsley* v. *Wood*, 6 T. R. 710.—*M'Call* v. *Welsh*, 3 Bibb, 289. By averring the payment of the 50 dollars *per annum*, the plaintiff has treated the covenants as dependent. We regard the construction thus given correct. No principle is better settled than that averments, necessary to the support of an action, must be proved. So rigid is this rule, and so strict its enforcement, that when issue is taken upon an averment of the performance of a condition precedent, evidence of matter of excuse for non-performance, does not support the issue. *Littler* v. *Holland*, 3 T. R. 590.—*Thompson* v. *Jewell*, 1 Marsh. 195.— *Miller* v. *Alcorn*, 3 Bibb, 267. Indeed, proof of the performance of a condition precedent, when put in issue by the defendant's plea, cannot be dispensed with. *Littler* v. *Holland*, 3 T. R. 590.

We are therefore of opinion that the plaintiff, having in his declaration given a specific description of the instrument alleged to be lost, is bound by proof to support that description; that if the only article of agreement, entered into between the plaintiff and defendant, was of a date different from that averred in the declaration to be lost, the action could not be sustained; and that the verdict should have been for the defendant. It would seem equally clear that the plaintiff, having averred the

May Term,
1832.

performance of a condition precedent, and such performance being put in issue by the defendant's plea, should have been proved.

The instructions asked to be given appear to have been proper, and we think should not have been refused.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs.    Cause remanded, &c.

*O. H. Smith*, for the appellant.

*J. Rariden* and *D. Wallace*, for the appellee.