In the Matter of the Motion to Admit OLE MOSNESS, Esq., to the Bar of this Court.

*Nonresident attorneys not admissible to the bar of a court of this state.*

Under ordinary circumstances, members of the bar of other states are permitted to argue causes in this court, without any general license to practice here.

2. Members of the bar are officers of the court, and in some sense officers of the state for which the court acts.

3. Officers charged with the general business of the state, within the state, must be residents of the state; and for all functions within the jurisdiction of the courts, officers of those courts must be residents of the state.

4. If ch. 50 of 1855 (Tay. Stats., 1344–5, §§ 39, 40) was intended to do more than authorize the appearance here of members of the bar of other states as counsel in the trial and argument of causes, it was without the power of the legislature.

On the 11th of April, 1876, W. F. Vilas, Esq., moved the court for the admission of Ole Mosness, Esq., to the bar of this court, as an attorney and counselor thereof. It appeared from Mr. Mosness' written application that he had been admitted to practice at the bar of the supreme court of the state of Illinois; and his application was supported, as the statute requires, by " an affidavit of good moral character, and that he is a resident of said state of Illinois." The court took the matter under advisement, and on the 27th of April denied the motion upon grounds stated in the following opinion.*

---

* Ch. 50, Laws of 1855 (Tay. Stats., 1344–5, §§ 39, 40), provided as follows: "Sec. 1. Any person who has been duly admitted and licensed to practice as an attorney and counselor-at-law in the supreme court of the state of Illinois, and all other states in the union where counsel of this state are admitted as counsel of such state on the same terms hereinafter prescribed, shall be admitted and licensed to practice as an attorney and counselor-at-law in all the courts of this state, upon written application signed by such person, and upon presenting to such court proof that he has been so admitted to practice in the supreme court of Illinois and all other states in the union where counsel

RYAN, C. J. It is, we believe, the general practice of courts of record in the several states, to permit gentlemen of the bar in other states to appear as counsel on the trial or argument of causes. Such has been the uniform practice of this court. And, under all ordinary circumstances, it will always be a pleasure to us to permit members of the bar of other states to argue causes here, whenever they may appear here to do so. No license to practice here is necessary or proper for that purpose; the usual and proper practice being to grant leave *ex gratia*, for the occasion.

But general license to practice here as attorney and counselor rests upon quite different considerations. The bar is no unimportant part of the court; and its members are officers of the court. *Thomas v. Steele*, 22 Wis., 207; *Cothren v. Connaughton*, 24 Wis., 134. See Bacon's Abr., Attorney H.; 1 Tidd's Pr., 60; 3 Black., 25; 1 Kent, 306; *Ex parte Garland*, 4 Wall., 333. And if officers of the court, certainly, in some sense, officers of the state for which the court acts. *Re Wood*, Hopk., 6. This is not really denied in 20 Johns., 492, decided in the same year. And if it were, we have no doubt that the chancellor was correct; and that attorneys and counselors of a court, though not properly *public* officers, are *quasi* officers of the state whose justice is administered by the court.

of this state are admitted as counsel of such state on the same terms hereinafter prescribed, and an affidavit of good moral character, and that he is a resident of said state of Illinois. Sec. 2. It shall be the duty of any court of this state, upon application and proof aforesaid, to admit any attorney of the state of Illinois, and all other states of the union where counsel of this state are admitted as counsel of such state on the same terms hereafter prescribed, to practice, and to take and subscribe the usual oaths required by the laws of this state in relation to attorneys-at-law in this state, and to issue a license as in other cases of admission of attorneys-at-law; and the clerk of such court to enroll the same on his roll of attorneys, as in other cases; and such attorney, so making the application as aforesaid, shall, upon receiving such license, be entitled to all the privileges of attorneys-at-law resident in this state."

The state may have extra-territorial officers, as commissioners to take acknowledgments, etc. But these are exceptions; and the general business of the state, within the state, executive, legislative and judicial, must be performed by citizens or denizens of the state; and the officers charged with it must be resident in the state. *State v. Smith,* 14 Wis., 497; *State v. Murray,* 28 id., 96.

So the courts may have extra-territorial officers, for extra-territorial functions, as commissioners to take depositions, etc. But for all functions within the jurisdiction of the courts, their officers must be residents of the state. This is essential to the nature of the functions themselves, and to the proper control of courts over their officers.

The office of attorney and counselor of the courts is one of great official trust and responsibility in the administration of justice; one liable to great abuse; and has always been exercised, in all courts proceeding according to the course of the common law, subject to strict oversight and summary power of the court. It would be an anomaly, dangerous to the safe administration of justice, that the office should be filled by persons residing beyond the jurisdiction of the court, and practically not subject to its authority. We take it, that members of the bar of this state lose their right to practice here by removing from the state. After they become non-residents, they can appear in courts of this state *ex gratia* only. Our courts cannot have a nonresident bar.

This all appears to us to be so very plain, that it is difficult to believe that ch. 50 of 1855 was intended to do more than to authorize the appearance here, as counsel in the trial and argument of causes, of gentlemen of the bar of other states. If intended to do that, it was probably unnecessary. If intended to do more, it was clearly without the power of the legislature.

For the reason only that the gentleman whose admission is moved is not a resident of the state, the motion must be denied.