JOHN F. HANSON, *Plaintiff*, v. JOHN M. GRATTAN, *Defendant*.

No. 17,483.

SYLLABUS BY THE COURT.

1. ATTORNEYS—*Admission—Judicial Function.* The power to admit applicants to the practice of the law is judicial and not legislative.

2. ———. *Admission—Tenure.* When an applicant is legally admitted to the practice of law, he becomes thereby an officer of the court for the term of his life or until he shall have been disbarred by the judgment of a court of competent jurisdiction.

3. ——— *Same.* An applicant admitted to practice law in the district and inferior courts of the state of Kansas by the decision of a district court prior to the enactment of chapter 64 of the Laws of 1903, and who has not been disbarred, continues after the enactment of that chapter to be "regularly admitted to practice law within the state of Kansas" within the meaning of that phrase in section 1 of chapter 163 of the Laws of 1907.

Original proceeding in quo warranto. Opinion filed May 6, 1911. Judgment for the defendant.

*John F. Hanson,* for the plaintiff.

*G. F. Grattan,* for the defendant.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in quo warranto in which the plaintiff seeks to oust the defendant from the office of county attorney of McPherson county, and to be adudged to be entitled to the office himself. The plaintiff and the defendant were opposing candidates for election to the office of county attorney at the last general election. The plaintiff received about one-twentieth of the votes cast and the defendant nineteen-twentieths. The vote was canvassed and an election certificate issued to the defendant, and he is now occupying the office, from which the plaintiff seeks to oust him.

The defendant raises the objection that the plaintiff has no right to maintain this action. On the other hand the plaintiff maintains that the defendant was ineligible to nomination or election to the office for the reason that he was not a practicing lawyer under the laws of the state, and that the electors of the county must take notice of the law and must be presumed to have known that the defendant was not eligible, and that where an elector intentionally votes for one not qualified for an office his vote is absolutely void. Therefore, it is contended that all of the legal votes cast at the election were cast for the plaintiff.

This position is entirely untenable. It is not to be presumed that the electors of the county intentionally voted for a candidate who was not eligible to nomination and election. Where this ground is claimed it must be made to appear by clear evidence. (*Wood v. Bartling, Mayor,* 16 Kan. 109, 114; *State v. Bell,* 169 Ind. 61, and note thereto in 124 Am. St. Rep. 211. See, also, *State v. Frear,* [Wis. 1910] 128 N. W. 1068.)

We do not think the presumption could be indulged if the plaintiff's contentions as to the law are correct, and they are not. On the other hand, the defendant

was qualified to receive the nomination and election to the office. Of this we will speak hereafter.

Prior to the enactment of chapter 163 of the Laws of 1907 (Gen. Stat. 1909, § 2225) our statute prescribed no qualifications requisite to a nomination or election to the office of county attorney other than to other county and state offices. Any citizen qualified to hold any county or state office, being elected to the office of county attorney, could hold it. If a practicing lawyer holding the office of county attorney was disbarred from practicing in the courts of the state his office of county attorney was not thereby vacated and he could still continue to hold and perform the duties of the office in the courts of his county. (*The State v. Swan*, 60 Kan. 461.)

It is, however, provided by chapter 163 of the Laws of 1907, as follows:

"No person shall be eligible for the nomination or election to the office of county attorney of any county unless such person shall have been regularly admitted to practice law within the state of Kansas, and is at the time of his nomination and election a regular qualified practicing attorney under said laws."

A practicing attorney is an officer of the court in which he is admitted to practice. The power to admit applicants to practice law is judicial and not legislative, and is, of course, vested in the courts only. (4 Cyc. 900.) The act of admission is a judicial determination, and is not for a term of years but for life, or until the attorney shall have been disbarred by a court of competent jurisdiction.

It is generally conceded, however, that it is competent for the legislature to prescribe the qualifications for admission and the grounds for disbarment, as well as the procedure therein.

It is not within the power of the legislature, however, to admit an attorney to practice in the courts of the state or to disbar a practicing lawyer. (*Ex parte*

*Secombe,* 60 U. S. 9; *In re Day,* 181 Ill. 73, syl. ¶ 6; *Garrigus v. The State, ex rel. Moreland, Auditor,* 93 Ind. 239, 242.)

Originally the courts alone determined the qualifications of candidates for admission, but to avoid friction between the departments of government the courts of this and other states have generally acquiesced in all reasonable provisions relating to qualifications enacted by the legislature.

In section 2 of chapter 11 of the General Statutes of 1868 (Gen. Stat. 1901, § 389) the legislature prescribed certain qualifications of applicants for admission to practice law and vested the district courts with jurisdiction to admit to practice in the district and inferior courts of the state. Section 1 of the act (Gen. Stat. 1909, § 428) provided that all persons who, by the laws theretofore in force, were permitted to practice as attorneys and counsellors might continue to practice as such. This was the only general provision on the subject until the enactment of chapter 64 of the Laws of 1903, which latter act repealed section 2 of the act of 1868. It prescribed certain qualifications of applicants for admission and transferred the power of admitting applicants from the district to the supreme court of the state.

The next and latest general provision in regard to the matter is chapter 67 of the Laws of 1905 (Gen. Stat. 1909, §§ 429, 430), which differs from the act of 1903, substantially, · · ᴠ ᴀ that it prescribes that the candidate should ¹ ᴀve read law for three years or be a regular graduate of the law department of the University of Kansas or of some other school of law of equal requirements, and in turn repealed chapter 64 of the Laws of 1903. In none of these acts has section 1 of the act of 1868, authorizing attorneys previously ad-mitted to continue in practice, been repealed. It is contended that this section was by its very terms retroactive and did not apply to the future, and, in sub-

stance, that all attorneys practicing in the state since the enactment of chapter 64 of the Laws of 1903 who had not been admitted prior to the act of 1868 were not authorized to continue to practice in the state. As before said, this argument is not entitled to much consideration. It is conceded that the defendant was admitted to practice in the district and inferior courts of the state of Kansas subsequent to 1868 and prior to 1903; but it is urged that the qualifications prescribed by chapter 163 of the Laws of 1907 (Gen. Stat. 1909, § 2225) require that a candidate for nomination or election to the office of county attorney must be admitted to practice in the supreme court as well as in the district and inferior courts of the state. The language of the provision, "shall have been regularly admitted to practice law within the state of Kansas," is hardly susceptible of the construction contended for. It certainly does not compel such construction. In view of the fact that the duties of a county attorney do not require him, as such, to transact any business in the supreme court, and also that the duty of attending to state cases pending in the supreme court.is devolved by statute upon the attorney-general (Laws 1879, ch. 166, § 71, Gen. Stat. 1909, § 8906), we are not inclined to adopt this contention of the plaintiff.

The defendant had been "regularly admitted to practice law within the state of Kansas" (Laws 1907, ch. 163) at the time he was nominated for and elected to the office of county attorney, and was eligible thereto. The statute in question does not purport to annul his former admission to practice, if it be assumed that the legislature had the power so to do.

We conclude that the defendant was eligible to be nominated and elected to the office of county attorney at the general election of 1910.

The judgment is for the defendant.