[No. 29749. *En Banc.* October 5, 1945.]

THE STATE OF WASHINGTON, on the Relation of Frank H. Foster, *Plaintiff*, v. THE WASHINGTON STATE BAR ASSOCIATION, *Respondent*.[1]

[1]Reported in 162 P. (2d) 261.

*Frank H. Foster, pro se.*

*Harold P. Troy,* for relator.

*S. H. Kelleran,* for board of governors.

BEALS, C. J.—Frank H. Foster, being then a resident of this state, was, after successfully passing the bar examination, admitted to practice law as a member of the bar of this court October 12, 1906. Upon our records, he now stands as a member of the bar.

Mr. Foster actively practiced his profession in Washington until March, 1911, when he took up his residence in the territory of Alaska, where he was admitted to the territorial bar, October 1, 1911. He resided in Alaska until May, 1944, when he returned to the state of Washington and established his residence in the city of Olympia, where he has ever since resided.

February 25, 1945, Mr. Foster applied to the Washington state bar association for active membership therein, forwarding, together with his application, a check for the association dues, a certificate signed by the judge of the district court of the first division, territory of Alaska, stating that Frank H. Foster was duly licensed to practice law and in good standing at the bar of that court, and a certificate signed by the president and secretary of the bar association of the first division, territory of Alaska, stating that Mr. Foster was a member of that bar; that he had practiced law in the territory of Alaska from November 10, 1911, to March 1, 1942, when he was appointed librarian of the law library of the district court, and that he was an honorable and worthy member of his profession. Mr. Foster also stated in his application that no charges had ever been brought against him based upon alleged unprofessional conduct, and his statement in this particular is supported by the certificates above referred to.

By letter dated July 26, 1945, the board of governors informed Mr. Foster that his application for membership in the Washington state bar association was denied, and that, in order to become a member of the bar of the state of Washington, it would be necessary for Mr. Foster either to take and pass the bar examination or be readmitted to the bar as one who had practiced law for five years or more in the territory of Alaska.

Feeling aggrieved by the ruling of the bar association denying his application for membership therein, Mr. Foster applied to this court for a writ of certiorari requiring the board of governors of the Washington state bar association to certify to this court for review the record before the board, together with their ruling thereon in the matter of Mr. Foster's application above referred to.

An order to show cause having been issued and served upon the board of governors, their return has been filed, the matter argued by the respective parties and submitted to the court for determination on the merits.

The facts above stated are admitted, the relator, Foster, contending that he is now entitled to membership in the Washington state bar association upon paying the required dues, upon establishing the facts that he is of good moral character, and that no cause exists why he should not be accepted as a worthy member of the association. Relator also tenders any sum required to pay the cost of an investigation of his record during the period of his absence from the state of Washington.

Respondent board, on the other hand, argues that relator, having been absent from the state on the effective date of chapter 94, p. 397, Laws of 1933 (Rem. Rev. Stat. (Sup.), §§ 138-1 to 138-17 [P. P. C. §§ 273-1 to 273-33]), did not become one of the first members of the association, and that, not having so become a member in the association, he can attain such membership only by being readmitted to the bar of this state upon application for such admission as one who practiced law for five years or more in another state or territory of the United States.

Respondent board cites § 6, p. 179, chapter 91, Laws of 1895 (Rem. & Bal. Code, § 127), which reads as follows:

"No person shall practice as an attorney and counselor at law in any court of this state who does not reside in the state, . . . but nothing herein contained shall prevent attorneys and counselors at law, who reside without this state, practicing in this state, unless the state or territory in which they reside prohibits attorneys and counselors at law residing in this state to practice therein, . . ."

The foregoing section of the act of 1895 does not strongly support respondent's contention, as, pursuant to that section, a lawyer admitted to the bar of this state and becoming a resident practitioner here could, after removing to another state, continue to practice in this state, unless the state in which he was residing refused to permit a member of the bar of this court to practice therein.

Respondent board also cites § 4, p. 7, chapter 126, Laws of 1921 (Rem. Rev. Stat., § 139-4 [P. P. C. § 273-35]), the pertinent portion of which reads as follows:

"No person shall be permitted to practice as an attorney or counselor at law or to do work of a legal nature for compensation, or to represent himself as an attorney or counselor at law or qualified to do work of a legal nature, unless he is a citizen of the United States and a bona fide resident of this state and has been admitted to practice law in this state."

Respondent board also cites the state bar act, Laws of 1933, p. 397, chapter 94, § 3 (Rem. Rev. Stat. (Sup.), § 138-3), which reads as follows: "The first members of the Washington State Bar Association shall be all persons now entitled to practice law in this state."

And also cites § 13 of the same act (Rem. Rev. Stat. (Sup.), § 138-13), which reads as follows:

"No person shall practice law in this state subsequent to the first meeting of the state bar unless he shall be an active member thereof as hereinbefore defined: *Provided,* That a member of the bar in good standing in any other state or jurisdiction shall be entitled to appear in the courts of this state under such rules as the board of governors may prescribe."

Granting that no person may be admitted to the bar of this court unless he be a citizen of the United States and a resident of the state of Washington, and that a person enjoying these qualifications and having been regularly admitted to the bar of this state may not engage in the active practice of law in this state unless he is a resident thereof, we must consider the status of one who has been regularly admitted to this bar and thereafter leaves this state and establishes a residence elsewhere, and after a period of time returns to this state and again establishes a residence therein.

In 5 Am. Jur. 412, Attorneys at Law, § 252, is found the following text:

"The fact that one has been admitted to the bar and licensed to practice the profession of law does not confer upon him any vested right to continue in the practice of such profession. That right may be revoked by a proceeding to disbar him, based upon conduct rendering him unfit to hold a license to practice or to exercise the duties and responsibilities belonging to the office of an attorney, without violating any constitutional privilege or right. An attorney who has been legally called upon to give testimony or produce evidence tending to establish that he received a bribe is not immune from disbarment therefor, under a constitutional guaranty of immunity from prosecution. His right to practice is not, however, a mere matter of grace or favor revocable at the pleasure of the court or the command of the legislature; he can be deprived of it only for good cause shown in a judicial proceeding conducted in the manner pointed out by law. *He is entitled to hold his office during good behavior.*" (Italics ours.)

We find no exception to the rule stated in the last sentence which we have emphasized.

In 7 C. J. S. 727, Attorney and Client, § 17, is found the following text:

"ADMISSION OF A PERSON TO THE BAR IS FOR LIFE UNLESS SUCH RIGHT IS REVOKED UPON GOOD CAUSE SHOWN. CHANGE OF RESIDENCE TO ANOTHER JURISDICTION MAY FORFEIT RIGHT TO PRACTICE.

"*Change of residence or absence from state.* While absence of an attorney from a state does not of itself forfeit or

abandon his right to practice law, it has been held that a member of the bar of a state *loses his right to practice there* by changing his residence to another jurisdiction, although he does not cease to represent his client in actions previously commenced until his client has substituted another attorney in his place." (Italics ours.)

 Counsel for respondent board argues that a member of the bar of this court who had left this state and taken up his residence elsewhere prior to the effective date of the state bar act, and who at that time was a resident of another state and for that reason was not then entitled to engage in the active practice of law in the state of Washington, suffered a final loss of his right to practice and was disbarred as of that date.

Counsel then contends that such a person, upon returning to this state and again establishing his residence therein, if he desires to practice law, must either successfully pass a bar examination or be readmitted to practice as an attorney who had been admitted to practice in another jurisdiction.

It would logically follow that, if a member of our bar absent from this state at the date mentioned and then a resident of another state had never been admitted to practice in that state, he could again practice here only after passing the bar examination.

We do not so construe the law. One, a member of the bar of this court in good standing, cannot so summarily be deprived of his office as such. If the legislative act purported (which it does not) to establish such a rule, it would be beyond any legislative power; as the legislature has no right to disbar one entitled to practice law. A rule of court announcing such a principle would be arbitrary and capricious and should not be adopted by any court.

The state bar act, which this court has in effect approved and adopted, provides that no person may engage in the practice of law in this state unless and until he becomes a member of the state bar association. That is a matter which is separate and apart from relator's status as a member of the bar of this court.

Rem. Rev. Stat. (Sup.), § 138-13, *supra,* refers simply to

the "practice of law in this state." It might well be argued that under this section one who had been admitted to the bar of this court but had removed from the state prior to the effective date of the act and established a residence elsewhere, could not *practice law* in this state without becoming a resident thereof and becoming a member of the state bar association. The language of the section goes no farther than to provide for such a situation.

Assuming that one who, although a member of the bar of this court, is a resident of another state, may not, while such a resident, practice his profession in the state of Washington, no question of that nature is here presented.

Relator is now, and for many months has been, an actual, *bona fide* resident of the state of Washington. He may not, however, practice his profession here until he becomes a member of the state bar association. Relator has applied for such membership. He has the basic qualification of being a member of the bar of this court. That office he has never lost.

██ There is a clear distinction between being a member of the bar of this court and a member of the state bar association. The right to become a member of the latter organization depends, first, upon the status of the applicant as a member of the bar of this court; second, upon his being a person of good moral character whose professional conduct has been in accordance with the recognized ethical standards; and, third, upon the tender of the required amount of money for dues exacted from members of the association.

Relator has offered certain documents as proof that his professional standing as a member of the Alaska bar has been in all respects good. He has tendered a certain sum to be credited as his membership dues and offers to pay any further sum so due, if any. He has further offered to pay to the association such a sum as may be required to enable the officers of the association to make any further investigation of his professional conduct while practicing law in the territory of Alaska, which respondent may desire to make.

Relator has done all he is required to do to establish his

right to become a member of the Washington state bar association (subject to the payment of required dues) pending the result of any investigation which the bar association may make as to his professional conduct during the course of his practice both in this state and in Alaska.

Counsel for respondent argues that, because Rem. Rev. Stat., § 139-4, *supra*, which was in effect at the time of the adoption of the state bar act, provides that no nonresident may practice law in this state, relator, having been a nonresident at the effective date of the state bar act, was, and is, for that reason not entitled to practice law in this jurisdiction and was, in effect, disbarred by the act.

The admitted circumstances produce no such result. When relator left the state of Washington and established his residence elsewhere, his right to practice his profession in the state of Washington as a member of the bar of this court was suspended during the period of his nonresidence.

His office, as a member of the bar, was not terminated, and upon again establishing his residence in this state, he regains a status which gives him the right to apply for membership in the state bar association and to be accepted as such and to practice his profession, subject to the matters above referred to.

Our conclusion is supported by certain authorities to which we shall now refer.

The supreme court of Arizona, *In re Van Bever,* 55 Ariz. 368, 101 P. (2d) 790, held that a member of the bar of that state who left Arizona prior to the enactment of the state bar act (the statute being very similar to our own) and thereafter returned to Arizona was entitled to resume the practice of law in that state upon again taking up his residence therein. It appeared that Van Bever had been practicing law in California and had there been disbarred.

The Arizona court held that he was entitled to resume practice in Arizona, but that the matter of his career in California should be subsequently investigated and appropriate action taken.

We differ with the supreme court of Arizona in this phase of the matter, and hold, as stated elsewhere in this opinion,

that the conduct of an attorney while residing in another state, who seeks to resume practice in Washington after having been admitted to the bar of this court, is a proper subject of investigation before admitting the attorney to membership in the state bar association.

The supreme court of Kansas, in the case of *Hanson v. Grattan,* 84 Kan. 843, 115 Pac. 646, 34 L. R. A. (N. S.) 240, held that one admitted to practice law becomes an officer of the court before which he has been admitted to practice, and that the power to admit persons to the bar is judicial and vested in the courts only. The court said:

"The act of admission is a judicial determination, and is not for a term of years but for life, or until the attorney shall have been disbarred by a court of competent jurisdiction."

The court further stated that it was generally conceded that it was within the power of the legislature to prescribe the qualifications for admission to the bar and the grounds for disbarment, as well as the procedure connected therewith.

With this principle we are not in accord, but we agree with the holding of the Kansas court that it is not within the legislative authority "to admit an attorney to practice in the courts of the state or to disbar a practicing lawyer."

In the case of *Richardson v. Brooklyn City and Newtown R. Co.,* 22 Howard's Practice Reports 368, the supreme court of New York, speaking through Justice Emott, said:

"Attorneys are, undoubtedly, in a certain sense, public officers. (*Merritt agt. Lambert,* 10 *Paige* 352, *S. C., in Court of Errors,* 2 *Denio,* 607.) But they are not within the statute, (1 R. S., 122, § 36,) which provides, among other things, that every office shall become vacant by the incumbent ceasing to be an inhabitant of the state. That statute is applicable to offices filled by election or by appointment by the governor, and is intended not only to declare what shall constitute vacancies in such offices, but to provide for filling them. It is manifestly inapplicable to the case of attorneys. Their tenure of office is regulated by article 2 of title 4 of the same chapter and part of the Revised Statutes, (1 R. S., 108, § 29,) subject to removal or suspension by the courts in which they practice; they hold their office during life. An attor-

ney does not, therefore, cease to be an attorney of the court, or forfeit his right to appear and practice therein by removing from the state."

The eminent justice continued, and, calling attention to the fact that the court had always required that an attorney should reside within the state, called attention to the evils which would follow from any contrary rule. Continuing, the justice said:

"The attorney who served notice of appearance, and an answer for the defendants, has not ceased to be an attorney by removing from the state, but he has ceased to have the right to practice, as long as his non-residence continues; and it makes no difference, nor can we create a distinction between a residence in New Jersey and one in the most remote part of the Union. Either is out of the jurisdiction of the court, and defeats the objects of its rules and practice."

The supreme court of Wisconsin, *In re Mosness,* 39 Wis. 509, 20 Am. Rep. 55, denied the motion upon the ground that the applicant was a resident of the state of Illinois. In the course of the opinion, the court called attention to the fact that:

"Attorneys and counselors of a court, though not properly *public* officers, are *quasi* officers of the state whose justice is administered by the court."

The court assumed that a member of the bar of Wisconsin would lose his right to practice in Wisconsin by removing from the state, but the opinion does not even suggest that, upon removal from the state, an attorney would be disbarred.

In the later case of *In re Pierce,* 189 Wis. 441, 207 N. W. 966, the supreme court of Wisconsin, after referring to its prior opinion, *In re Mosness,* 39 Wis. 509, said:

"*Bona fide* residence in the state is an essential condition for original admission to the bar, with actual domicile and an established place of business, so that there may be no insuperable obstacle placed in the way of service of process and papers and such attorney be subject to the orders of the courts of his state. *In re Mosness,* 39 Wis. 509. Yet once admitted the right continues, and is for life unless revoked. *Hanson v. Grattan,* 84 Kan. 843, 115 Pac. 646, 34 L. R. A.

N. S. 240; 6 Corp. Jur. 580. Mere absence from the state does not of itself necessarily forfeit or abandon the right to practice originally granted."

This court, *In re Metzenbaum*, 22 Wn. (2d) 75, 154 P. (2d) 602, said:

"It is now universally recognized that the right to practice law, once acquired, is a valuable right, and that an attorney cannot be deprived of that right except by the judgment of a court of competent jurisdiction, after notice and full opportunity to be heard in his own defense.

"In 2 Thornton, Attorneys at Law, 1301, § 882, it is said:

" 'An attorney can be deprived of the right to practice his profession only upon a judicial hearing on charges legally presented, and in which he is given a full and fair opportunity to be heard in his own defense.' "

We hold that relator is still a member of the bar of this court; that his right to practice law in the state of Washington was suspended when he established his residence in Alaska; that on returning to this state and re-establishing his residence here (and that he has so established his residence is not denied), relator became entitled to apply for membership in the Washington state bar association; and that, subject to payment by him of sums properly required by way of dues and to enable respondent board to make a proper investigation concerning relator's moral character and standing as a member of the bar of Alaska, his application for membership should be accepted, provided the result of the investigation referred to discloses nothing which would justify the rejection of relator's application.

The matter will be remanded to the board of governors of the Washington state bar association with instructions to proceed in accordance with the views herein expressed.

STEINERT, BLAKE, ROBINSON, SIMPSON, JEFFERS, MALLERY, and GRADY, JJ., concur.

MILLARD, J. (dissenting)—Our rules are not entitled to much reverence when we so slightly regard them.