JENKINS v. JENKINS.

The matters set out in the claim of the plaintiff in error having been adjudicated in the former litigation between the same parties, there was no error in granting an injunction against proceeding further with the claim. The claim case should be dismissed and the execution allowed to proceed, unless the decree on the original bill is complied with.

April 14, 1890.

Injunction. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Theresa Jenkins filed her petition against Josie Jenkins, *alias* Josie Cristler, and John R. Jenkins, making the following allegations: On June 27, 1887, petitioner filed in Fulton superior court her application for injunction and receiver against the defendants, incorporating in the application a prayer for permanent alimony against John R., to be made chargeable on the premises described in the application. A temporary restraining

order was granted, and afterwards an injunction. On September 12, 1888, the case was tried before a jury, and a verdict had in favor of petitioner. A motion for new trial was made and overruled. On May 3, 1889, execution was issued and levied on the premises described in the verdict, and the property was advertised to be sold the first Tuesday in June following; but it was not sold, a claim being filed in the name of the mother of the said Josie, with pauper affidavit. Petitioner filed her petition, asking the appointment of a receiver to take charge of the property, etc.; and when it was served on defendants, the claim was withdrawn. The property was again advertised, and Josie had petitioner arrested under a warrant charging her with perjury, hoping thereby to defeat the verdict; but petitioner was discharged. Then Josie filed a voluminous paper, claiming that the verdict was obtained by perjury on the part of petitioner, and asking that the sheriff be enjoined from selling the property. A temporary restraining order was granted and the sale again postponed, but at the hearing the injunction was denied and the case carried to the Supreme Court on a pauper affidavit, where it is now pending. No order having been taken continuing the former restraining order, the property was again advertised, and would have been sold on December 3, 1889, but Josie filed a claim to it *in forma pauperis*, which the sheriff accepted, and the sale was again postponed. To the petition first filed, on June 27, 1887, none of the defendants, except Josie, made answer, and her rights in the premises were fully adjudicated by the jury; and the claim is not *bona fide* but fraudulent, for the purpose of hindering petitioner in her just rights. Defendants are in possession and have been ever since the filing of the original petition in 1887, and are insolvent. Petitioner is poor, and the dockets are crowded, which fact defendants know and hope to re-

tain possession thereby until the claim can be reached in its order. The property is worth about $10 per month rent; and if defendants are allowed to remain upon it without interference, it will be run down and not satisfy the judgment. The costs are continually increasing, etc. Petitioner prays that a receiver be appointed to take charge of the property, rent it and collect the rent, and if it can be legally done, that part of the rent be paid her; that defendants be enjoined from interfering with the property or the rents or the receiver; for general relief, etc. By amendment she alleges that the issue made by the claim had been fully adjudicated under the petition of June 27, 1887, the court being of competent jurisdiction, the verdict fully sustaining her allegations and establishing that she and John R. Jenkins were husband and wife; that the decree rendered thereon was affirmed by the Supreme Court (83 *Ga.* 283); and that Josie Cristler not being Jenkins' lawful wife, he could not pass the title to her for the consideration set up in the defendant's former answer, and as it appears in the deed, so as to defeat petitioner's rights.

Josie A. Jenkins answered, denying that her rights were adjudicated in the former case of petitioner against her and John R. She asserted that the court and jury in that case did not pass on her rights nor on the deed; that the issue of fraud raised in the case and the validity of the deed were not passed on, and that no verdict and decree were rendered against her; that all questions and issues raised against her were not passed upon, and for this reason she insists that the verdict is void and that she is not precluded from asserting her rights by claim to the property. She further alleges that her claim was filed in good faith, as also was her pauper affidavit, as she could not give bond and security as required by law. Her claim was not filed for the purpose

of delay, and if the dockets were crowded it was not her fault; and this is not a good reason why injunction should be granted and a receiver appointed. The property is in good condition, is kept so and is enchancing in value, and if her claim is not sustained it will be more than sufficient to meet petitioner's demands. It is worth about $500, and there is now only due petitioner $325, besides $50 allowed for attorney's fees. The petition of this defendant for injunction and to set aside said verdict and decree is now pending in the Supreme Court, and she awaits a favorable termination of it at an early day.*

Upon the hearing the judge ordered that the defendant, Josie Cristler *alias* Jenkins, be enjoined from proceeding further with her claim, and that the execution proceed. She excepted.

JOHN A. WIMPY, for plaintiff in error.

R. J. JORDAN, *contra*.

SIMMONS, Justice.

There was no error in granting the injunction in this case. The plaintiff in error has no right to complain of the injunction. All the matters which she sets out in her claim, and in her answer to this petition, have been fully adjudicated against her, and she has no right to deprive the defendant in error of the fruits of the decree in the original bill by setting up a claim and attempting to renew the litigation adjudicated in the original bill. The judge of the superior court, if in term, should call the claim case and dismiss it, and allow the execution to proceed, unless the decree on the original bill is complied with by John R. Jenkins.

*Judgment affirmed.*

---

*The writ of error was dismissed for want of prosecution, on March 24, 1890.