J. E. HAYNER *et al.* v. C. H. TROTT *et al.*

1. PROBATE COURT—*Claim, Good Against a Demurrer.* Where a claim, presented to a probate court for allowance, alleges that the debtor therein named owes the party presenting the claim the sum of $377.62 for commissions paid on the sale of machines, for which notes were taken that are uncollectible, and copies of said notes are attached, showing the amount of the same, and the amount of the commissions paid thereon is also shown, and said claim is verified, and has attached thereto contracts which provide that when commissions have been paid on notes that are uncollectible they shall be refunded, *held*, that such claim is good against a demurrer, and that the action of the court in sustaining a demurrer thereto was erroneous.

2. PLEADING—*Improper Practice.* Under our statute, which provides that claims presented to the probate court for allowance shall be heard summarily and without the form of pleading, it is not a proper practice to interpose a demurrer to a claim therein.

*Error from Geary District Court.*

THE opinion states the case.

*Thomas Dever*, for plaintiffs in error.

*J. R. McClure*, for defendants in error.

Opinion by STRANG, C.: The plaintiffs filed a claim in the probate court of Davis—now Geary—county against the defendants for $377.62. The defendants demurred to the statement of the claim as filed, which demurrer was sustained. The plaintiffs excepted to the action of the court in sustaining said demurrer, and took the matter to the district court on error. At the September term, 1888, the district court affirmed the action of the probate court, and the plaintiffs come to this court with a transcript, asking that the whole matter be reviewed and corrected here.

There are two questions involved in this matter: The first is, whether the statement of the claim filed by the plaintiffs in error in the probate court was sufficient to require the said court to consider it. While the claim as presented to the

probate court is not well stated, and in fact is defectively stated, we do not think it is so defectively stated as not to amount to a statement of a claim at all; and if it amounted to a claim at all in favor of the plaintiffs and against the defendants, it was good against a demurrer. We therefore think the district court erred in affirming the action of the probate court in sustaining the demurrer to said claim.

The second question involved in the case is one of practice. The plaintiffs in error contend, that under our statutes requiring matters of this kind to be heard summarily and without pleading, there is no such practice as interposing a demurrer to a claim filed in the probate court. Paragraph 2878 of the General Statutes of 1889 reads as follows:

"The probate court shall hear and determine all demands in a summary way, without the form of pleading, and shall take the evidence of competent witnesses, or other legal evidence."

The statute contemplates that the court shall hear the evidence in support of the claim, without any pleadings. With this provision of law in our statute book, we do not think it a proper practice to file a demurrer to a claim presented in the probate court. The statute seems to contemplate the presentation of claims in this court by the owners thereof without the aid of an attorney at law, and that the court shall investigate the claims in a summary way, without any pleadings that require the skill of an attorney at law in their preparation. Once recognize the practice of filing pleadings in this court, and the contemplated simplicity of hearings therein will be lost in the maze of technicalities. We think it is better to proceed in the manner pointed out in the statute.

It is recommended that the judgment of the district court be reversed.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: I concur in the conclusion that the statement of the claim filed by plaintiffs was sufficient to invoke

the consideration of the court and to overcome the demurrer that was filed against it; and for that reason I concur in the judgment of reversal. I see no objection, however, to the interposition of a demurrer, or a motion — the name is immaterial — challenging the sufficiency of the claim which is filed. The statute requires that any person presenting a demand against an estate must set forth, in writing, not only the amount of his claim, but the nature of the same; and, if it is founded on a written statement or account, a copy of the same must be filed with the demand; and the court cannot then allow the demand unless the claimant make an oath or file an affidavit with the claim, stating to the best of his knowledge and belief that he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due. (Gen. Stat. 1889, ¶¶ 2868, 2872.)

Although a formal pleading is not required, these provisions of the statute must be complied with in order to invoke the jurisdiction of the court and the investigation and allowance of the demand. When the claim presented does not come up to these essential requirements, the court may, in my opinion, upon motion or demurrer, determine the insufficiency of the statement of demand and dismiss the proceeding, unless the proper amendment is made. When the nature of the claim is stated as the statute requires, and it manifestly appears that it is not a valid claim against the estate, or that it is one that is not allowable by the probate court, what is the necessity or propriety of proceeding further? I see no impropriety in challenging the sufficiency of the statement of demand at the outset, by a demurrer or a motion, before witnesses are subpœnaed and needless costs are incurred.