## STANDARD ROLLER BEARING COMPANY

*v.*

## CRUCIBLE STEEL COMPANY OF AMERICA.

[Decided April 20th, 1906.]

1. When an action at law is pending in which the defendant has a complete defence, this court will not withdraw the question from the law court, unless the case involves some equitable element which the law court cannot apply, but which must be applied to do complete justice, or unless the relief of defendant cannot be afforded by the law court or without the intervention of this court.

2. Complainant and defendant are both corporations of the State of New Jersey. The defendant could prosecute the claim it asserts against complainant, and which complainant resists, in the courts of this state. It could also prosecute its claim by attachment upon a large and valuable plant of complainant in Pennsylvania. In either New Jersey or Pennsylvania the claim could be prosecuted and defended by proofs and witnesses at hand. Under such circumstances defendant simultaneously commenced, by attachment, three several suits against complainant—in Ohio, Michigan and Wisconsin—wherein, for a claim of less than $4,000, credits to an amount exceeding $20,000 were attached.—*Held*, (1) that this use of the process of law courts had the obvious effect to harass and oppress the defendant, and must be decreed to have been intended to do so; (2) that if complainant will, by giving proper security, put defendant in a position to enforce its claim as favorable as it has acquired by the attachments in question, it will be entitled to an injunction against the further prosecution of the attachments.

On rule to show cause why an injunction should not issue.

*Mr. Martin V. Bergen, Jr.,* for the complainant.

*Mr. Charles D. Thompson,* for the defendant.

MAGIE, CHANCELLOR.

The right of one claiming to be a creditor to pursue his debtor in any court of competent jurisdiction selected by him ought not to be interfered with by an injunction, unless it is made to appear clearly that the alleged creditor is using the process of the courts in an inequitable and unconscionable manner.

The bill in this cause is filed by the complainant to obtain an injunction restraining the defendant from further prosecuting three several actions against complainant, commenced by attachment, one in the State of Wisconsin, another in the State of Michigan, and the third in the State of Ohio. Upon the filing of the bill, with accompanying affidavits, a rule to show cause why the injunction prayed for should not issue was made, with an *ad interim* stay. The rule was brought to hearing upon the bill and accompanying affidavits, the answer of the defendant and accompanying affidavits, and an additional affidavit presented on the part of the complainant.

It is first claimed on the part of complainant that the rule should be made absolute and an injunction be issued restraining the further prosecution of the actions in question upon the ground that it is made to appear that the claim of defendant against the complainant on which those actions are founded has been satisfied and discharged, and cannot be rightly prosecuted to judgment therein.

The accord and satisfaction thus claimed will doubtless furnish, if established by sufficient proof, a complete defence to the complainant against the enforcement of defendant's claim in said actions, or other actions if brought.

Counsel for complainant, while conceding that it had a complete defence to defendant's claim in the actions at law, insists that it may also invoke the power of equity, and relies upon decisions of our courts to sustain that contention. He cites *Cor-*

FEBRUARY TERM, 1906.    63

*1 Buch.*    Standard Roller Bearing Co. *v.* Crucible Steel Co.

*nish* v. *Bryan, 3 N. J. Eq. (2 Stock.) 146; Smith* v. *Smith, 30 N. J. Eq. (3 Stew.) 564; Metler* v. *Metler, 18 N. J. Eq. (3 C. E. Gr.) 270; S. C. on appeal, 19 N. J. Eq. (4 C. E. Gr.) 457.* In *Cornish* v. *Bryan,* Chancellor Williamson decreed the delivering up and cancellation of a bond and mortgage, upon satisfactory proof that the mortgagor had paid the amount due to the mortgagee before he had assigned them to the present holder, no action upon the bond then having been taken. He intimates that if a suit at law had been commenced to which there was a complete defence, the court might refuse to change the forum of litigation, unless, in the exercise of a sound discretion, the particular case before the court required such relief. In *Metler* v. *Metler,* Chancellor Zabriskie sustained, against demurrer, a bill setting up a pending action at law on a promissory note negotiable on its face, given without consideration and on agreement that it should be given up on a contingency which had happened, and praying relief by a decree that the note should be delivered up and the action at law should be perpetually enjoined. The decision was affirmed in the court of errors and appeals. In *Smith* v. *Smith,* Vice-Chancellor Van Fleet, on final hearing, advised a decree for the surrender of promissory notes which lacked validity for want of consideration, and a perpetual injunction against actions at law which had been brought thereon. The circumstances disclosed in that case were deemed to justify a resort to this court, although there was a complete defence at law.

In the later case of *Ellicott* v. *Chamberlin, 37 N. J. Eq. (10 Stew.) 470,* Chancellor Runyon, on final hearing, dismissed a bill by the maker of a promissory note, given to procure from the payee, an executor, a renunciation of his executorship, and seeking, among other relief, a restraint of a pending action at law upon the note. In the court of errors and appeals the decree of this court was affirmed, but Justice Parker, delivering the opinion, declared that the maker of the note could present a defence in the action at law, which seemed to have been doubted or denied in this court. *Ellicott* v. *Chamberlin, 38 N. J. Eq. (11 Stew.) 604.* In *Chase* v. *Chase, 50 N. J. Eq. (5 Dick.) 143,* Vice-Chancellor Van Fleet, after reviewing the cases above re-

ferred to, declined to interfere to decree the surrender of a bond upon which an action at law was pending and to which there was a complete defence at law.

My conclusion from this course of decisions is that where an action at law is pending in which there is a complete defence, this court will not assume jurisdiction and withdraw the question from the law court, unless the case involves some equitable element which it cannot apply and which must be applied in order that complete justice may be done, or unless the case discloses that such relief as the party is entitled to cannot be afforded by the court of law, or without the intervention of this court with its injunctive power.

Upon the case presented by contradictory affidavits, a preliminary injunction ought not to be granted.

But there is presented a ground upon which the complainant is entitled to some relief. Upon the facts disclosed, I think it apparent that the defendant is using the process of courts of law to harass and oppress the complainant.

It appears, and is conceded, that both complainant and defendant are incorporated under the laws of the State of New Jersey. The complainant can be sued within this state, and the claim of defendant could have been here raised within the jurisdiction of its courts. The complainant, moreover, has a large and valuable plant in the State of Pennsylvania. Defendant's claim could have been presented by attachment in that state. It appears that the claim arose from transactions between the parties whereby complainant purchased steel from defendant, and that the claim therefor was disputed, and that the alleged accord and satisfaction is claimed to be made out by proof of the return of some of the steel purchased, and by correspondence between the officers of the companies, and the acceptance and use of a check of complainant for a sum less than the claim.

It is made to appear that the proofs requisite to make out the defence must be furnished by employes and officers of the parties who are in New Jersey and Pennsylvania. It is a fair inference that defendant, to maintain its claim, must rely upon documentary evidence and witnesses more conveniently presented in actions either in New Jersey or Pennsylvania.

Under these circumstances the defendant did not issue process in the State of New Jersey, or attach the valuable plant of the complainant in Pennsylvania, but it went to western states, and there simultaneously issued three attachments against the complainant, attaching money in the hands of persons who are indebted to the complainant to an amount in all in excess of $20,000. The debt claimed is admitted to be only $3,652.98. Obviously this course of conduct tends to harass and oppress the complainant. It must be driven to defend three separate actions in three foreign states, simultaneously proceeding, and it will be obliged, unless it deems it proper to yield to a claim which it disputes, to carry its proofs and witnesses to distant states, or attempt to present its evidence under commission. Defendant's counsel pointed out that the laws of the three states permit a defendant in attachment to be released from the lien of the attachment which has been issued for indebtedness by giving security. In that case, however, the complainant will still be obliged to defend the action commenced by attachment. That this course of conduct in fact harasses and oppresses the complainant was not denied, but it was insisted that the attachments were not issued with that intent, but in a *bona fide* desire to collect the claim, which defendant asserts has not been discharged. That the use of attachments having this obvious result was not intended to produce the result is not within the range of belief. I think, therefore, that the complainant presents a case for relief.

The only question that has given me any trouble has been whether the bill is not deficient in that it does not offer to do equity. Equity will require the complainant to put the defendant in a position to enforce its claim, and in a position as favorable to that enforcement as it now possesses by means of the attachments in question. But no objection to the bill was interposed on this ground, and at the argument the complainant offered to submit to any equitable terms that should be imposed upon it as a condition of the restraint it seeks.

I think that it should be compelled to secure the defendant an opportunity for speedy trial and the payment of whatever claim defendant establishes. If, therefore, complainant files, within

ten days, a bond to the defendant in the penal sum of $8,000, with sufficient security (the form of the bond and the sufficiency of the security to be approved by Charles V. D. Joline, special master), conditioned that if defendant applies in this cause and consents to an order of reference whereby it may be determined whether the complainant is indebted to it, and if so, for how much; or if the defendant elects so to do, and brings an action in any court of competent jurisdiction in this state upon the claim set up in the answer, that the complainant will appear to the action, plead issuably, and accept short notice of trial, and if in either way it shall be determined that the complainant owes the defendant the amount claimed, or any part thereof, that complainant will, within twenty days from the final determination, pay the amount so determined, and also the taxed costs of the defendant in this suit, and the costs of the attachments in question, upon the filing of the bond, an injunction will issue restraining the further prosecution of the actions commenced by the attachments aforesaid until the further order of this court.