LOUIS H. STEINBERG *vs.* JOHN F. McKAY.

Suffolk.     January 14, 1936. — July 3, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Unlawful Interference. Attorney at Law. Equity Jurisdiction,* To enjoin unlawful interference, To enjoin the practice of law, To enjoin action at law, Remedy at law.

Assuming that suit ever lies by a lawyer to enjoin the unlawful practice of law by another, such a suit could not be maintained without allegation and proof that the defendant was unlawfully competing with the plaintiff.

A suit in equity in the nature of a bill of peace lay to enjoin the defendant, who was not an attorney at law, from harassing the plaintiff by bringing and prosecuting groundless actions against the plaintiff on his own behalf and such actions in behalf of a third person.

The third person, however, not being a party to such suit, the final decree therein should not have ordered abatement of an action so brought in his behalf.

BILL IN EQUITY, filed in the Superior Court on June 26, 1935.

The suit was referred to a master whose reports were confirmed. A final decree was entered by order of *Beaudreau,* J. The defendant appealed.

The case was submitted on briefs.

*J. F. McKay, pro se.*

*L. H. Steinberg & M. R. Spelfogel,* for the plaintiff.

LUMMUS, J. The defendant appeals from a final decree permanently enjoining him from (1) prosecuting a certain action in the Superior Court against the plaintiff on behalf of one Cora Hunnewell Gates, (2) prosecuting another certain action in the Superior Court against the plaintiff on behalf of the defendant himself, (3) bringing, aiding or

advising any other action against the plaintiff on behalf of said Gates or the defendant himself, and (4) holding himself out as an attorney at law or practising law in any court of the Commonwealth.

The plaintiff, who happens to be an attorney at law, held a mortgage upon real estate owned by said Gates, an elderly woman. Although the plaintiff assigned the mortgage in 1930 to The First National Bank of Boston, on some ground he obtained a final decree on September 29, 1933, enjoining said Gates and the defendant as her attorney from interfering with the plaintiff in his possession and operation of said real estate, and awarding the plaintiff damages exceeding $3,500. Upon the execution issued upon this decree, the sheriff on November 8, 1933, levied upon the equity of redemption of said Gates in said real estate, and on January 3, 1934, sold it on execution sale to one Chait.

In the meantime, on November 21, 1933, the defendant, who is not an attorney at law, but who was acting as attorney for said Gates under a written power of attorney from her, brought an action in the Superior Court against the plaintiff and others, for fraud and conspiracy in depriving said Gates of her equity of redemption in said real estate. A demurrer was sustained, and judgment was entered for the defendants in that case, among whom was the present plaintiff, on October 1, 1934. On March 11, 1935, the defendant, as attorney for said Gates, brought an action against the plaintiff to recover $10,000 alleged to be due as the consideration of the release of the interest of Gates in said real estate and of her claim against the plaintiff for alleged fraud. A demurrer was sustained, judgment was entered in favor of the present plaintiff on April 18, 1935, and a petition to vacate the judgment was dismissed on June 17, 1935. On June 5, 1935, the defendant, acting as attorney for said Gates, brought another action of contract against the plaintiff, to recover $10,000 as the alleged consideration for the execution and delivery by said Gates of certain papers. On July 2, 1935, the writ was abated.

On July 18, 1935, after the bringing of the present bill, the defendant, acting as attorney for said Gates, brought

against the plaintiff the action referred to in the first paragraph of the final decree. The first count of the declaration alleged that the present plaintiff fraudulently induced said Gates to sign certain papers, whereby she lost the equity of redemption in said real estate. The second count alleged a promise on the part of the present plaintiff to pay said Gates $10,000 as consideration for the signing of a release to the plaintiff and a deed to him of the equity of redemption. The causes of action declared on were the same that were dealt with in the earlier actions already described. The master finds that this new action brought on July 18, 1935, was brought "for the purpose and with the intention of harassing the plaintiff." The defendant proposes to bring another action of some sort against the plaintiff on behalf of said Gates.

When it became apparent, in September, 1934, that the present plaintiff would prevail in the first action for fraud and conspiracy, the defendant began to threaten to get the plaintiff into trouble with the income tax division of the Federal internal revenue department unless the plaintiff would pay the defendant $10,000. The plaintiff pretended to accede to the demand, and the defendant came to his office to receive payment. The defendant signed a paper, agreeing in consideration of $10,000 to protect the plaintiff against all demands for income taxes. Then police officers who had been concealed in the office arrested the defendant. He was indicted, but on his trial was acquitted by the jury. On December 20, 1934, he brought an action against the present plaintiff for false arrest. Two successive demurrers were sustained, and on June 5, 1935, the present defendant was refused permission to amend his declaration. It does not appear that this action went to formal judgment. But on June 7, 1935, the defendant brought a new action of tort against the plaintiff upon the same cause of action, and this is the action referred to in the second paragraph of the final decree.

There is no allegation and no finding that the plaintiff earns his living by practising law, or that the defendant is unlawfully in competition with him. Although the bill

says that the plaintiff is a "practising attorney," it goes on to allege that he is a "substantial business man." Because unlawful competition is not alleged or proved, if for no other reason, the plaintiff does not bring himself within the principle that the owner of a franchise, not exclusive in the sense that others may not be granted the same right, may nevertheless in his own right restrain competition by others who have no similar franchise. *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178, 181. We need not consider whether that principle applies in favor of a person licensed to practise a profession or trade against one who is not. *Wollitzer* v. *National Title Guaranty Co.* 148 Misc. (N. Y.) 529, affirmed 241 App. Div. (N. Y.) 757, and leave to appeal to the Court of Appeals denied 241 App. Div. (N. Y.) 817. In the cases not governed by statute in which licensed practitioners have been successful in restraining the unlicensed practice of a profession, the bill has been brought on behalf of the entire class of licensed practitioners. *Land Title Abstract & Trust Co.* v. *Dworken*, 129 Ohio St. 23. *Childs* v. *Smeltzer*, 315 Penn. St. 9. *Paul* v. *Stanley*, 168 Wash. 371. *Unger* v. *Landlords' Management Corp.* 114 N. J. Eq. 68. *Depew* v. *Wichita Retail Credit Association*, 141 Kans. 481. *Fitchette* v. *Taylor*, 191 Minn. 582; *S. C.* 94 Am. L. R. 356 (lawyers). *Sloan* v. *Mitchell*, 113 W. Va. 506 (physicians). In this Commonwealth the matter is now dealt with as to lawyers by St. 1935, c. 346, § 2, creating G. L. (Ter. Ed.) c. 221, § 46B, which has no application to the present case. See notes 81 Am. L. R. 292; 92 Am. L. R. 173. Because the plaintiff shows no private right to the relief granted by the fourth paragraph of the final decree, which enjoins the defendant against "holding himself out as an attorney at law or . . . practising law in any of the courts of our Commonwealth," the final decree must be modified by striking out that paragraph.

The next question is, whether the plaintiff may maintain this bill as a bill of peace to prevent repeated actions at law upon the claim for false arrest. The earlier action was ripe for judgment against the present defendant on June

5, 1935, and only the formal entry of final judgment remained to be made. In substance the case was finally adjudicated. *Downer* v. *Cripps*, 170 Mass. 345, 347. Two days later the present defendant brought a new action for the same cause. He contends that the only and adequate remedy of the plaintiff is to defend the new action, setting up the prior adjudication if that is a bar. It is true, that substantial. grounds. of necessity must be shown, in order to induce a court of equity to deny to a litigant a right to prosecute an action at law and therein to have a jury trial, on the ground that the action is unmeritorious and vexatious. *Di Giovanni* v. *Camden Fire Ins. Association*, 296 U. S. 64. *Hooker* v. *Porter*, 271 Mass. 441, 447. *Morin* v. *Ellis*, 285 Mass. 370, 373. In *Baker* v. *Langley*, 247 Mass. 127, and *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, the point that there was an adequate remedy at law was not properly taken. In this case, however, there is nothing to try to a jury. The litigation instituted by the present defendant is not only without merit, but is part of a systematic harassment of the plaintiff by groundless suits. The case calls for equitable relief. *Lyons* v. *Importers' & Traders' National Bank*, 214 Penn. St. 428. *Burdick* v. *Burdick*, 148 Wash. 15. *Benedict* v. *Hall Manuf. Co.* 211 Iowa, 1312. *Moore* v. *Harkins*, 179 N. C. 167. *Standard Roller Bearing Co.* v. *Crucible Steel Co. of America*, 1 Buch. 61. *Mendel* v. *Berwyn Estates*, 109 N. J. Eq. 11. *Jenkins* v. *Jenkins*, 85 Ga. 208. *Ackerman* v. *Kaufman*, 41 Ariz. 110. *Pacific Mutual Life Ins. Co.* v. *Parker*, 71 Fed. (2d) 872. *Pynell* v. *Underwood*, Selden Soc. Sel. Cas. Ch. 18.

The equitable relief given was properly extended to restraining the defendant from prosecuting the action brought by him on behalf of Gates. Of course the plaintiff can wait until that action comes on for trial, and then ask the trial court not to permit the defendant to conduct the case. Since the repeal of G. L. (Ter. Ed.) c. 221, § 49, by St. 1935, c. 346, § 3, the defendant is without even color of right to do so. *Opinion of the Justices*, 289 Mass. 607. But that is not an adequate remedy, for the plaintiff is entitled to complete and immediate freedom from vexation by the

defendant. The final decree must, however, be modified by striking out the provision in the first paragraph "that said action be abated and dismissed." The rights of Gates cannot be determined in this suit, to which she is not a party. *Dietz* v. *New York Life Ins. Co.* 287 Mass. 398, 400.

As modified, the final decree is

*Affirmed.*