No. 33,844

O. M. WHEAT et al., *Appellees*, v. JOHN C. HILKEY, *Appellant*.

(79 P. 2d 865)

Opinion filed June 11, 1938.

*John C. Hilkey,* of Medicine Lodge, *pro se.*
*O. M. Wheat,* of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was an injunction action brought by eight members of the bar of Barber county as a committee of the bar association of that county for and on behalf of themselves and other attorneys at law in that vicinity to enjoin and restrain the defendant, who was and still is the probate judge of Barber county, from violating the provisions of G. S. 1935, 21-1601, of the state of Kansas. The defendant filed an answer in the form of a general denial. There were no demurrers or motions filed except a motion for a temporary injunction by plaintiffs, which was granted after the answer was filed, and a motion for new trial by defendant when a permanent

injunction was granted after the introduction of the evidence. The motion for a new trial was overruled, and the defendant appeals.

The language of the statute above mentioned, which was the basis of the action and the injunction orders, is as follows:

"That hereafter it shall be unlawful for probate judges or justices of the peace to write any petition or answer, or other pleadings in any proceedings, or perform any service as attorney or counselor at law in any case or cases pending before them, or to be interested in any profits or emoluments arising out of any practice in their own courts, except costs."

The defendant was by the court "perpetually and permanently enjoined from violating the provisions of G. S. 1935, 21-1601, of the state of Kansas, in that he shall refrain from writing any petition or answer or other pleadings in any proceedings, or perform any service as attorney or counselor at law in any case or cases pending before him, except as may be required by law to be made by said judge personally."

The defendant was the only witness who testified in the case, he being placed on the witness stand by the plaintiffs to identify the files in certain matters pending before him as probate judge and to explain by whom certain papers therein were prepared, and after answering that the blank forms were furnished by him and the blank spaces therein filled by him from information furnished him by the parties interested, many of such papers were introduced by plaintiffs as exhibits. Several such exhibits, as petition for probate of will, affidavit of attesting witness, order made for the assignment of bonds belonging to the estate, letters written by probate judge in connection with proof of execution of wills, publication notice of appointment of administrator, bond of administrator, oath of administrator, inventory and appraisement and demands upon estate, were introduced in evidence. The defendant, in answer to questions asked by plaintiffs, said he counseled and advised with the parties interested in the estate as to the steps necessary to be taken and what had to be done.

No question is raised in this case about the right of the plaintiffs to bring this action. Presumably both parties relied upon what was said in the case of *Depew v. Wichita Retail Credit Ass'n*, 141 Kan. 481, 42 P. 2d 214, where after citing several Kansas decisions, it was stated that attorneys at law have "a special privilege, franchise and duty as officers of the court to protect the legal profession, the courts and the administration of justice generally. And it

would seem to be well within such special franchise and privilege to protect not only themselves and others of their profession, but the courts of which they are officers against the illegal and unprofessional conduct of others." (p. 486.)

It was stated in the argument that the defendant is a regularly admitted member of the bar of Kansas and licensed to practice law in this state, but the plaintiffs do not in any way base their action upon the ground of unauthorized practice. The question involved in the hearing of this action by the trial court, and here now on review, is the same as if the defendant had been a layman, as many of the probate judges of this state are, although it must be conceded at the same time that because of the defendant's study and admission to the bar he was more capable and better equipped to select and fill blanks and give advice and counsel than a layman holding the same position would be.

The undoubted spirit and intention of the legislature in passing the statute above cited was to avoid in the rulings and decisions of the probate courts any bias or prejudice which would naturally follow the preparation of legal documents and the giving of advice and counsel by him in advance of such rulings. The next section of the same act extends the same inhibition to clerks of the district court and their deputies. These two sections are in harmony with the provision of the state constitution as to justices of the supreme court and judges of district courts, which exacts that they shall not "practice law in any of the courts in the state during their continuance in office." (Const., art. 3, § 13.) The same rule was extended to county judges when the county courts were authorized to be created in 1923 by G. S. 1935, 20-805, to court reporters by G. S. 1935, 20-903, and to sheriffs, undersheriffs and deputies by G. S. 1935, 19-819.

Defendant urges that the section above quoted, which is the basis of this action, is a criminal statute and therefore should be strictly construed. The third section of the act prescribes a penalty in the form of a fine. This, however, will not prevent the inhibition from being enforced by injunction as was held in *State v. Lawrence,* 80 Kan. 707, 103 Pac. 839; *State, ex rel., v. Miley,* 120 Kan. 321, 243 Pac. 262; *State, ex rel., v. McMahon,* 128 Kan. 772, 280 Pac. 906; and *State, ex rel., v. Barron,* 136 Kan. 324, 15 P. 2d 456.

Defendant insists that none of the exhibits introduced in evidence are petitions, answers or other pleadings as mentioned in G. S. 1935,

21-1601, and cites G. S. 1935, 22-715, as to the proceedings in probate court, which is as follows:

"The probate court shall hear and determine all demands in a summary way, without the form of pleading, and shall take the evidence of competent witnesses or other legal evidence: *Provided,* That in the case of contested claims the court may, in its discretion, order pleadings filed, the same to be governed by the code of civil procedure so far as applicable."

The appellant also cites the following language of the opinion in the case of *Hayner v. Trott,* 46 Kan. 70, 26 Pac. 415:

"With this provision of law in our statute book, we do not think it a proper practice to file a demurrer to a claim presented in the probate court. The statute seems to contemplate the presentation of claims in this court by the owners thereof without the aid of an attorney at law, and that the court shall investigate the claims in a summary way, without any pleadings that require the skill of an attorney at law in their preparation. Once recognized, the practice of filing pleadings in this court, and the contemplated simplicity of hearings therein will be lost in the maze of technicalities." (p. 71.)

It will be observed that the ruling was as to the formal use of a demurrer. This decision has since been followed and approved in *Lusk v. Smith,* 71 Kan. 550, 81 Pac. 173, with reference to informality of pleading in probate court. The language used in the Hayner case about the pleadings in the probate court not requiring the skill of an attorney at law in their preparation was merely comment and not a part of the decision, as that matter was not the question at issue in the case.

It is worthy of observation in this connection that in G. S. 1935, 22-802, 22-804 and 22-805, the application of the executor or administrator to sell the real estate of the deceased to pay the debts of the estate is called a "petition." So the term "petition" is recognized as one of the necessary papers to be filed in the probate court. Pleadings are defined in our code of civil procedure as follows:

"The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses." (G. S. 1935, 60-701.)

The second clause in the section upon which this action is founded makes it unlawful for probate judges to "perform any service as attorney or counselor at law in any case or cases pending before them." This would include the preparation of other papers introduced in this case as exhibits, besides petitions, answers or other pleadings, if their preparation required the service of an attorney. It would also include the matter of selecting proper blanks and filling blank spaces therein, if they were to be filed as papers in the case, and the

giving of advice and counsel in a case pending before the probate judge.

Defendant insists that the giving of advice and counsel is usually before the proceeding is commenced and is therefore not given in a pending case. There is as much need of advice and counsel concerning each subsequent step taken in the settlement of an estate as there is concerning the initial or first step or proceeding therein, and the most important and serious of all steps therein is the concluding or final settlement. The testimony of the defendant in this case shows that he did advise executors and administrators as to the steps to be taken and the things to be done, and that such advice included the steps taken later on.

Defendant cites G. S. 1935, 20-1101, which gives the jurisdiction of the probate court, and enumerates the several things the probate judges are permitted to determine and perform. This is not in any way inconsistent with the provisions of the section upon which this action is founded, but it nowhere indicates that the probate court shall represent, prepare papers for, or advise any of the parties interested in the matters to be decided by him.

Defendant cites and quotes an Illinois definition of the practice of law, which was cited and quoted in the case of *State, ex rel., v. Perkins,* 138 Kan. 899, 908, 28 P. 2d 765, which concludes with the statement that "a charge for such service brings it definitely within the term 'practice of the law.'" A prior part of the same quotation is, " 'The practice of law also includes the giving of advice or rendering services requiring the use of legal skill or knowledge.'"

Another quotation is—

"As the term is generally understood, the practice of the law is the doing or performing of services in a court of justice, in any matter pending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be pending in a court." (*Eley v. Miller,* 7 Ind. App. 529, 535, 34 N. E. 836.)

These definitions, accepted and approved in the Perkins case as to what is the practice of law, were later accepted and approved in the case of *Depew v. Wichita Association of Credit Men,* 142 Kan. 403, 40 P. 2d 1041.

There is no question but that the preparation of papers to be used in the settlement of estates of deceased persons in the probate courts of this state is the practice of law and is the performing of service

as an attorney or counselor at law. No one would say that everything done for parties in matters coming before a probate judge for decision or action by him was positively of a kind and character included in the term of performing service as attorney or counselor at law. The trial court, in granting the permanent injunction, made a proper and reasonable exception in the closing words of its order, as follows: "except as may be required by law to be made by said judge personally." The defendant mentions the special duties required of his office concerning crippled children, marriage licenses and advice to a widow as to her right of election in the settlement of her husband's estate. Such matters, and possibly others, were doubtless intended by the trial court to be cared for in the exception made to the injunction order. None of the five cases in which the files were identified in this trial by the defendant nor the many exhibits therefrom which were introduced in evidence by the plaintiffs, are shown to come within the exception so made by the trial court.

Reference is made to the general disregard of the provisions of the statute here involved ever since its enactment. A disregard more or less general has existed as to many of our laws, but that never justifies a further disregard or disobedience of such law. Everyone is presumed to know the law, and a law on the statute books of the state should either be obeyed or repealed.

We find no error in the granting of an injunction in this case nor in the overruling of the motion for a new trial.

The judgment is affirmed.